IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY as subrogee of H&R PARTS CO., INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. |
| TPI CORPORATION and CHROMALOX, INC., | ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COME the Plaintiff SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY as subrogee of H & R PARTS CO., INC., by and through their attorneys, and for their Complaint against Defendants TPI CORPORATION and CHROMALOX, INC., state and allege as follows:

## PARTIES

1. At all times relevant hereto, Sentry Insurance Company formerly known as Sentry Insurance a Mutual Company (hereinafter "SENTRY") was a Wisconsin corporation with a principal place of business at 1800 North Point Drive, Steven Point, Wisconsin 54482, and was duly licensed to issue policies of insurance, and otherwise conduct insurance business, in the State of Kansas.

2. At all times relevant hereto, H & R Parts Co., Inc. (hereinafter "H & R PARTS") was a Kansas corporation engaged in the business of manufacturing sheet metal components for the aerospace industry.

3. At all times relevant hereto, H & R PARTS had a manufacturing and storage facility located at 3066 South Hoover Road, Wichita, Kansas 67215 (hereinafter "subject location").

4. At all times relevant hereto, H & R PARTS had a policy of insurance with SENTRY for the subject location and for its related business under Policy Number 2469380001.

5. At all times relevant hereto, TPI Corporation (hereinafter "TPI") was a Tennessee corporation, engaged in the business of manufacturing industrial heating products, among other things, with a principal place of business at 114 Roscoe Fitz Road, Johnson City, Tennessee 37615.

6. At all times relevant hereto, TPI had acquired Fostoria Industries, Inc., a corporation engaged in the business of manufacturing industrial heating products, and Fostoria Industries, Inc. operated as a wholly-owned subsidiary of TPI.

7. At all times relevant hereto, Chromalox, Inc. (hereinafter "CHROMALOX") was a Delaware corporation, engaged in the business of manufacturing industrial heating components, among other things, with a principal place of business at 103 Gamma Drive Extension, Pittsburgh, Pennsylvania 15238.

8. At all times relevant hereto, CHROMALOX maintained and operated a manufacturing plant at 1347 Heil Quaker Boulevard, LaVergne, Tennessee 37086.

## JURISDICTION

9. This is a civil action within the original jurisdiction of the district courts of the United States under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

10. This Court may exercise personal jurisdiction over the defendants because they reside, transact business, or committed one or more of the acts that give rise to this lawsuit, in Tennessee.

## GENERAL ALLEGATIONS

11. On or about December 10, 2009, H & R PARTS bought two Fostoria Sun-Mite CH1324-3A Infrared Heaters and their associated heating elements through Grainger Industrial Supply.

12. After December 10, 2009, one of the Fostoria Sun-Mite CH1324-3A Infrared Heaters (hereinafter "subject Infrared Heater") was installed at the subject location above a metal stretching machine.

13. The subject Infrared Heater was manufactured by TPI.

14. Upon information and belief, sometime after August 30, 2012, H & R PARTS installed a replacement heating element (hereinafter "subject heating element") into the subject Infrared Heater, which had the identifying markings: C-X 393-879513-003 240V 4500W 6417001TPI CORP 243HM.

15. The subject heating element was labeled as a TPI product.

16. Upon information and belief, the subject heating element was manufactured by CHROMALOX on or about August 30, 2012 at its facility in Mexico.

17. Upon information and belief, the subject heating element was shipped to TPI in Tennessee, through a purchase order issued by TPI to CHROMALOX.

18. On or about January 21, 2019, material from the subject heating element melted and dropped onto the area of the metal stretching machine.

19. The melted material that dropped from the subject heating element ignited combustible material, causing a fire at the subject location.

20. The fire at the subject location caused damage to the property of H & R PARTS, as well as related damages.

21. As a result of the January 21, 2019 fire, H & R PARTS made a claim to their insurance carrier, SENTRY, through Policy Number 2469380001.

22. Under said Policy, SENTRY made payments to H & R PARTS of more than $75,000 for damages related to the January 21, 2019 fire, and has thus become legally and equitably subrogated to the recovery rights of H & R PARTS.

## FIRST CAUSE OF ACTION
*(Negligence v. TPI)*

23. SENTRY hereby incorporates by reference paragraphs 1 through 22 of this Complaint, and makes said paragraphs a part of this, its First Cause of Action, as though fully set forth herein.

24. At all times here mentioned, TPI owed consumers and other foreseeable persons, such as H & R PARTS, duties to design, manufacture, assemble, test, inspect, market, sell and/or distribute its heating elements, including the subject heating element, without defects and/or deficiencies, to avoid creating a foreseeable risk of harm to persons and/or property, including the risk of fires and property losses.

25. Defendant TPI breached the aforementioned duties in these ways:

   (1) negligently and carelessly failed to inspect the subject heating element;
   (2) negligently and carelessly failed to warn H & R PARTS of defects with the subject heating element;
   (3) negligently and carelessly failed to warn H & R PARTS of the potential that the subject heating element could cause a fire;
   (4) negligently and carelessly failed to properly supervise its subsidiary, sub-contractor and/or agent in the manufacture and distribution of the subject heating element;
   (5) negligently and carelessly distributed a defective heating element; and
   (6) was otherwise negligent.

26. This negligence was a cause of the January 21, 2019 fire at the subject location.

27. As a direct and proximate result of the negligence of Defendant TPI and the ensuing fire on January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described above.

28. Prior to the fire, H & R PARTS did not know, nor could it have learned through the exercise of ordinary care, of the defect in the subject heating element.

WHEREFORE, Plaintiff SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully requests that judgment be entered in its favor and against Defendant TPI CORPORATION, for more than $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for any and all other such relief as is just and proper in the premises.

## SECOND CAUSE OF ACTION
*(Strict Liability v. TPI)*

29. SENTRY hereby incorporates by reference paragraphs 1 through 28 of this Complaint, and makes said paragraphs a part of this, its Second Cause of Action, as though fully set forth herein.

30. Defendant TPI, and/or its subsidiary or agent, manufactured, assembled, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, merchandised and/or sold the subject heating element, a product which was defective in its design and manufacture.

31. The defect in the subject heating element was a substantial and legal cause and/or a substantial factor in the fire of January 21, 2019.

32. As a direct and proximate result of the defective condition of the subject heating element and the fire of January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described above.

33. H & R PARTS did not know, nor could it have learned through the exercise of ordinary care, of the defect in the subject heating element.

WHEREFORE, Plaintiff SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully requests that judgment be entered in its favor and against Defendant TPI CORPORATION, for more than $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for all other such relief as is just and proper in the premises.

## THIRD CAUSE OF ACTION
*(Negligence v. CHROMALOX)*

34. SENTRY hereby incorporates by reference paragraphs 1 through 33 of this Complaint, and makes said paragraphs a part of this, its Third Cause of Action, as though fully set forth herein.

35. At all times herein mentioned, CHROMALOX owed consumers and other foreseeable persons, such as H & R PARTS, duties to design, manufacture, assemble, test, inspect, market, sell and/or distribute its heating elements, including the subject heating element, without defects and/or deficiencies, to avoid creating a foreseeable risk of harm to persons and/or property, including the risk of fires and property losses.

36. Defendant CHROMALOX breached the aforementioned duties by:

    (1) negligently and carelessly manufactured the defective subject heating element;

    (2) negligently and carelessly failed to properly inspect the subject heating element;

(3) negligently and carelessly failed to properly inspect the subject heating element's component parts;

(4) negligently and carelessly failed to warn H & R PARTS of the defect;

(5) negligently and carelessly failed to warn H & R PARTS of the potential that the subject heating element could cause a fire;

(6) negligently and carelessly manufactured the subject heating element in a way that would cause overheating and melting;

(7) negligently and carelessly manufactured the subject heating element in a way that would cause the product to experience an electrical short;

(8) negligently and carelessly failed to properly supervise its subsidiary, subcontractor and/or agent in the manufacture of the subject heating element; and

(9) was otherwise negligent.

37. This negligence caused the January 21, 2019 fire at the subject location.

38. As a direct and proximate result of the negligence of Defendant CHROMALOX and the ensuing fire on January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described above.

39. Prior to the fire, H & R PARTS did not know, nor could it have learned through the exercise of ordinary care, of the defect in the subject heating element.

WHEREFORE, Plaintiff SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully requests that judgment be entered in its favor and against Defendant CHROMALOX, INC., for more than $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for all other such relief as is just and proper in the premises.

# FOURTH CAUSE OF ACTION
## *(Strict Liability v. CHROMALOX)*

40. SENTRY hereby incorporates by reference paragraphs 1 through 39 of this Complaint, and makes said paragraphs a part of this, its Fourth Cause of Action, as though fully set forth herein.

41. Defendant CHROMALOX, and/or its subsidiary or agent, manufactured, assembled, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, merchandised and/or sold the subject heating element, which was defective in its design and manufacture.

42. The defect in the subject heating element was a substantial and legal cause and/or a substantial factor in the fire of January 21, 2019.

43. As a direct and proximate result of the defective condition of the subject heating element and the fire of January 21, 2019, SENTRY's insured, H & R PARTS, sustained damages as described above.

44. H & R PARTS did not know, nor could it have learned through the exercise of ordinary care, of the defect in the subject heating element.

WHEREFORE, Plaintiff SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., respectfully requests that judgment be entered in its favor and against Defendant CHROMALOX, INC., for more than $75,000, for all costs incurred in pursuing this action, for all prejudgment and post-judgment interest, and for all other such relief as is just and proper in the premises.

## CONDITIONS PRECEDENT

All conditions precedent to bringing this lawsuit have occurred, been performed, or been waived.

# JURY DEMAND

NOW COME the Plaintiff SENTRY INSURANCE COMPANY formerly known as SENTRY INSURANCE A MUTUAL COMPANY, as subrogee of H & R PARTS CO., INC., by counsel, and hereby demand trial by jury of all triable issues here.

| | |
|---|---|
| December 21, 2021 | Respectfully submitted, |
| Knoxville, Tennessee | QUIST, FITZPATRICK & JARRARD PLLC |
| | By: /s/ *Michael A. Durr* |
| | Michael A. Durr (TBA 26746) |
| | 800 South Gay Street, Suite 2121 |
| | Knoxville, Tennessee 37929 |
| | Direct: (865) 312-0440 |
| | E-Mail: mdurr@qfjlaw.com |
| | *Attorneys for Plaintiff Sentry* |

Of counsel
Respectfully submitted,
NIELSEN, ZEHE & ANTAS, P.C.

By:*/s/ Michael J. Griffin*
Michael J. Griffin, pending *pro hac vice*
55 West Monroe Street, Suite 1800
Chicago, IL 60603
Tele No.:   (312) 322-9900
Fax No.:   (312) 322-9977
mgriffin@nzalaw.com